LOUIS CHAKOFSKY, Appellant, v. INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

First Department, March 7, 1924.

**Street railways — action to recover for personal injuries suffered by plaintiff as he passed through turnstile at defendant's station — top of metal base on which turnstile rested was exposed and edges were sharp — plaintiff injured his hand on edges of base while passing through turnstile — plaintiff not required to show defective design or construction or that better device is available — defendant is liable.**

The defendant is guilty of negligence in maintaining a turnstile on a station platform for the use of passengers, where it appears that the edges of the metal base which are exposed are sharp and rough, and that one of the plaintiff's hands was injured thereby as he was passing through the turnstile.

It is not necessary for the plaintiff to prove a defect in the design or construction of the turnstile or that a better device is available, for non-availability of a less dangerous machine is no excuse for installing dangerous equipment not essential to the operation of the railroad. The defendant should have anticipated injury from the sharp edges of the base of the turnstile and cannot rely upon the failure of the public authorities to see that the dangerous condition was detected and eliminated.

APPEAL by the plaintiff, Louis Chakofsky, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 12th day of July, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Sixth District, which dismissed the plaintiff's complaint.

*Williams & Williams* [*David B. Williams*, of counsel], for the appellant.

*James L. Quackenbush* [*Albert L. Wilbur* of counsel], for the respondent.

MARTIN, J.:

One of plaintiff's fingers was injured in the mechanism of a turnstile maintained by defendant at the Fourteenth Street station of the Seventh Avenue subway in the city of New York. This gate or barrier to those who might enter without paying fare was of the type which has become familiar in the city, defendant having installed a number of these fare deposit machines during the last few years. The accident occurred December 6, 1921, three days after the installation of this machine. Through it, or one similar to it, plaintiff was required to pass on his way to the street from the train which had brought him downtown.

Plaintiff had left his home at seven-thirty o'clock, A. M., so we

may assume he arrived at the station referred to during the " rush hour." He says he was the first of a number of persons who wished to leave the station; that he placed his hand on one of the arms of the turnstile and pressed his body against another arm; then he felt a sharp pain; that he was pushed by those behind. him and put his hand on one of the arms to balance himself; that, after having had his finger stitched and bandaged at St. Vincent's Hospital, he returned to the subway station and examined the gate. He discovered that part of the working apparatus of cast iron or steel was exposed, and that his finger had been caught and injured by coming in contact with this projection.

A witness named Haar, an engineer of the Transit Commission, testified that he was familiar with the construction and operation of this type of turnstile; that its four-arm-piece rests and revolves on top of a metal base; that where the revolving arms come together on the top of such base, the arm-piece is slightly smaller than the base, which protrudes into the angles between the revolving arms. He further testified that where this metal base so protrudes, it is sharp; and that the exposed edges are not thoroughly rounded, and are not covered.

At the end of plaintiff's case defendant moved to dismiss the complaint on the ground that there was no proof of negligence in construction or maintenance of the machine, and on the ground that plaintiff was guilty of contributory negligence. The court reserved decision. Defendant rested without offering any evidence, and renewed the motion to dismiss. The complaint was ultimately dismissed and judgment rendered for defendant.

Respondent argues that there is no evidence of defective design or construction or that a better device is available. We are of the opinion that plaintiff established the existence of a dangerous condition. Non-availability of a less dangerous machine is no excuse for installing dangerous equipment not essential to the operation of the railroad. We believe that injury from this source to persons using the subways should have been anticipated in the exercise of reasonable forethought and prudence. The defendant cannot rely upon the failure of the public authorities to see that this dangerous condition was detected and eliminated.

The Appellate Term affirmed the dismissal of the complaint, but Mr. Justice BIJUR wrote a dissenting opinion, in which he said: " The bare question is presented whether upon the facts proved defendant is chargeable with negligence. The purpose and circumstances of the installation of the turnstile gates are a matter of common knowledge of which the court will take judicial notice. They provided a mechanical substitute for a personal

attendant to watch and check off the entry and exit of passengers. The presence of large crowds is a well-known condition. The question thus presented, therefore, is whether the construction described was reasonably safe under the circumstances. To permit a visible and palpably approachable portion of mechanism designed to be used within a closely circumscribed space, by large numbers of persons moving rapidly to remain exposed and in a condition to do physical injury to the person using it was clearly negligent."

We agree with what was thus said.

The determination of the Appellate Term and judgment of the Municipal Court should be reversed and a new trial ordered, with costs in all courts to the appellant to abide the event.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Determination of Appellate Term and judgment of the Municipal Court reversed and new trial ordered, with costs in all courts to the appellant to abide the event.